SALLY ROBERTA McDANIEL, Plaintiff-Appellant, *v.* LA SALLE AMBULANCE SERVICE, INC., Defendant.—(DR. MITCHELL SHEINKOP, Defendant-Appellee.)

First District (5th Division) No. 81—1495

Opinion filed August 6, 1982.—Rehearing denied October 7, 1982.

Sheldon Hodes, of Chicago, for appellant.

French and Rogers, of Chicago (Algimantas Kezelis and James M. Hofert, of counsel), for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff brought a negligence action against La Salle Ambulance Service, Inc., later amending her complaint to add another negligence count (count II) against Dr. Mitchell Sheinkop, her treating physician. Dr. Sheinkop moved to dismiss count II because the action was barred by the statute of limitations. The court granted Sheinkop's motion and dismissed count II. Plaintiff appeals.

The sole issue raised on appeal is whether count II sufficiently alleged fraudulent concealment within the meaning of section 22 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 23) to toll the statute of limitations.

On November 6, 1975, plaintiff was involved in an accident which resulted in fractures to both her legs. Dr. Mitchell Sheinkop (hereinafter defendant) was her treating physician at Grant Hospital. On December 24, 1975, while being transported from Grant Hospital by employees of La Salle Ambulance Service, plaintiff's leg struck the pavement. Plaintiff subsequently discovered she suffered from a drop foot condition. Plaintiff's attorney wrote defendant seeking his opinion as to whether or not the trauma suffered by plaintiff while being transported by the ambulance service might have caused the drop foot

condition. On July 2, 1976, defendant sent a letter to plaintiff's attorney and to plaintiff advising them that prior to December 24, 1975, plaintiff did not evidence the drop foot condition and that after December 24, 1975, tests confirmed the presence of a right peroneal nerve injury. In a phone conversation with plaintiff's attorney on August 13, 1976, defendant stated that the wheelchair accident was either a cause or an aggravating factor with regard to the condition. On December 10, 1976, plaintiff filed suit against La Salle Ambulance Service, Inc.

Subsequently, in January 1980, after the statute of limitations for medical malpractice had run against defendant, he stated in his discovery deposition that the July 2, 1976, letter he sent to plaintiff's attorney was inaccurate and that hospital records indicated that plaintiff had a right drop foot condition as of November 8, 1975 (a little over a month prior to the transportation of plaintiff by the ambulance service). Subsequently, plaintiff amended her complaint to add a count against defendant for negligence. That count also alleged that defendant's delay in disclosing that plaintiff had a drop foot condition as of November 8, 1975, was concealment within the meaning of section 22 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 23), tolling the statute of limitations which had now run against defendant. The pertinent allegations of the complaint include:

"12. That on July 2, 1976, [defendant] sent a letter to [plaintiff's attorney] and a copy to plaintiff, wherein he noted that prior to the plaintiff being transported from the hospital on a pass on December 24, 1975, there was no evidence of a drop foot situation or peroneal nerve function absence and that after her foot was traumatized on said occasion, tests confirmed a right peroneal nerve injury.

13. That subsequent to [plaintiff's attorney] receiving the letter from [defendant] on July 2, 1976, [he] conferred with Defendant, * * *, on the telephone on August 13, 1976, and [defendant] stated it was his opinion that the aforementioned wheel chair accident was either the cause or an aggravating factor with regard to the Plaintiff's present right foot drop condition."

Defendant brought a motion to dismiss count II asserting that its allegations were insufficient to allege fraudulent concealment and thus the two-year statute of limitations for medical malpractice should apply. (Ill. Rev. Stat. 1975, ch. 83, par. 22.1.) The court agreed and dismissed count II.

OPINION

Plaintiff contends that count II of her complaint stated a valid

cause of action for fraudulent concealment against defendant which tolled the statute of limitations. Section 22 of the Limitations Act provides that:

> "If a person liable to an action fraudulently conceals the cause of action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." Ill. Rev. Stat. 1975, ch. 83, par. 23.

A cause of action accrues when the plaintiff knows or reasonably should know of an injury and also know or reasonably should know that the injury was caused by the wrongful acts of another. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; see also *Urchel v. Holy Cross Hospital* (1980), 82 Ill. App. 3d 1050, 403 N.E.2d 545.) A complaint for fraudulent concealment must aver facts which establish affirmative acts or representations on the defendant's part, which are calculated to and in fact do prevent the discovery of the cause of action. (*Zagar v. Health & Hospitals Governing Com.* (1980), 83 Ill. App. 3d 894, 404 N.E.2d 496.) A mere misrepresentation of a fact does not constitute fraudulent concealment in absence of a showing that it tended to conceal the cause of action. (*Zagar.*) A contention that defendant concealed the identity of a wrongdoer rather than the cause of action does not constitute fraudulent concealment for purposes of section 22. *Guebard v. Jabaay* (1978), 65 Ill. App. 3d 255, 381 N.E.2d 1164.

Plaintiff argues that defendant's misrepresentation to plaintiff's counsel that La Salle Ambulance Service either caused or aggravated plaintiff's drop foot condition concealed her cause of action against defendant for his mistreatment of this condition. We disagree. The instant complaint is insufficient on its face. From it we learn that although defendant first told plaintiff's attorney that there was no evidence of the drop foot condition prior to December 24, 1975, he later told plaintiff's attorney on August 13, 1976, that the accident of December 24, 1975, was either a cause or an *aggravating factor* of plaintiff's drop foot condition. To aggravate means " *** to make worse *** " (Webster's Third New International Dictionary 41 (1961)) and necessarily implies the prior existence of the condition which has become aggravated. We believe, therefore, that contrary to plaintiff's assertion, the amended complaint itself states that plaintiff had constructive notice that this condition possibly existed prior to the date she was transported by employees of the ambulance service and that she received this notice from defendant before the two-year limitation for malpractice had run. We conclude, therefore, the complaint does

not aver the facts necessary to show that defendant concealed that this condition may have existed prior to December 24, 1975, much less prevented her from discovering her cause of action.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.