951 F.2d 834
 King SMITH, Jr., Plaintiff-Appellant,
v.
CITY OF CHICAGO HEIGHTS, a body politic and municipal
corporation, Charles Ewers, individually and as agent of the
City of Chicago Heights and Robert Pinnow, individually and
as agent of the City of Chicago Heights, et al., Defendants-Appellees.
 No. 90-2976.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 2, 1991.
Decided Jan. 13, 1992.
 
 Lawrence H. Hyman, Chicago, Ill. (argued), for plaintiff-appellant.
 Charles E. Hervas, James G. Sotos, James R. Schirott, Michael W. Condon (argued), Patrick K. Bond, Phillip A. Luetkehans, A.J. Pankau, Jr., Michael D. Bersani, Schirott & Hervas, Itasca, Ill., for defendants-appellees.
 Before CUMMINGS and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 RIPPLE, Circuit Judge.
 
 
 1
 In 1985, King Smith, Jr., was allegedly assaulted by one of several police officers who had stopped his vehicle. Mr. Smith initially brought suit against the wrong party, and it was not until March 19, 1990, that Mr. Smith brought this civil rights action against the present defendants. The district court granted the defendants' motion to dismiss on the ground that the two-year statute of limitations had expired. For the following reasons, we affirm in part and vacate in part the judgment of the district court and remand for further proceedings.
 
 
 2
 * BACKGROUND
 
 A. Facts
 
 3
 On March 18, 1985, after a chase through Lake County, Indiana, to Chicago Heights, Illinois, police officers stopped the vehicle in which King Smith, Jr., was traveling. After Mr. Smith was out of the vehicle and had been handcuffed, one officer allegedly attacked and beat him. Officers from various Indiana municipalities as well as from Chicago Heights were present. On March 18, 1987, Mr. Smith filed a civil rights action in the United States District Court for the Northern District of Indiana. Working from police reports prepared by officers from Chicago Heights, Mr. Smith named as defendants certain Indiana municipalities and unknown police officers.
 
 
 4
 On January 13, 1988, Charles Ewers, a Chicago Heights police officer, stated in his deposition that officers from police departments of the various Indiana municipalities had assaulted Mr. Smith and that officers from Chicago Heights had not participated in the attack. On February 23, 1988, Patrick Gannon, a police officer and paramedic with the Lansing, Indiana, Police Department stated in his deposition that Mr. Smith had been assaulted by a Chicago Heights officer and not by any Indiana police officers. Faced with the conflicting statements of Officers Ewers and Gannon, Mr. Smith voluntarily dismissed his action with prejudice.
 
 
 5
 After investigation, Mr. Smith concluded that it was Ewers who had assaulted him and that Ewers and the other members of the Chicago Heights Police Department misled Mr. Smith in their depositions and police reports.
 
 B. District Court Proceedings
 
 6
 On March 19, 1990, Mr. Smith filed the present suit in the United States District Court for the Northern District of Illinois. He alleged a violation of his civil rights under 42 U.S.C. §§ 1981, 1983, along with a state claim of battery. The district court dismissed the suit on the grounds that the statute of limitations had expired.[1] The district court did not accept Mr. Smith's argument that Illinois' fraudulent concealment statute excused his noncompliance with the statute of limitations. The court did not address the applicability of either equitable tolling or equitable estoppel. Mr. Smith filed a timely notice of appeal from the dismissal of his action.
 
 II
 ANALYSIS
 
 7
 Mr. Smith contends that the district court erred in dismissing his case on the grounds that it was time-barred. Mr. Smith argues that his suit is made timely either by Illinois' fraudulent concealment statute or by the doctrines of equitable tolling and equitable estoppel.[2]
 
 A. Illinois' Fraudulent Concealment Statute
 
 8
 Mr. Smith contends that under Illinois' fraudulent concealment statute his suit was not time-barred. This statute provides for a five-year limitations period from the time of discovery where a party "liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto." Ill.Ann.Stat. ch. 110, p 13-215 (Smith-Hurd 1984).[3] Thus, Mr. Smith concludes, the instant action is not time-barred because he filed his complaint within five years from the date of Officer Gannon's deposition.
 
 
 9
 The district court considered paragraph 13-215 and concluded that it does not apply to Mr. Smith's case. We agree. Illinois courts have unequivocally construed this provision to reach only fraudulent concealment of the cause of action--not fraudulent concealment of the identity of the tortfeasor. McDaniel v. La Salle Ambulance Serv., Inc., 108 Ill.App.3d 1042, 64 Ill.Dec. 606, 608, 440 N.E.2d 158, 160 (1982) ("A contention that defendant concealed the identity of a wrongdoer rather than the cause of action does not constitute fraudulent concealment for purposes of" the fraudulent concealment statute.); Pratt v. Sears Roebuck & Co., 71 Ill.App.3d 825, 28 Ill.Dec. 304, 308, 390 N.E.2d 471, 475 (1979) (The fraudulent concealment statute "applies to fraudulent concealment of causes of action; it does not apply to fraudulent concealment of the identity of tort-feasors."); Guebard v. Jabaay, 65 Ill.App.3d 255, 21 Ill.Dec. 620, 381 N.E.2d 1164, 1167 (1978) (The fraudulent concealment statute "concerns fraudulent concealment of a cause of action and does not reach a claim of fraudulent concealment of the identity of a tortfeasor.") (emphasis in original).
 
 
 10
 These cases preclude this court from applying Illinois' fraudulent concealment statute to Mr. Smith's case. On March 18, 1985--the date Mr. Smith was attacked and beaten--Mr. Smith knew of sufficient facts upon which to base a cause of action. That Mr. Smith did not know the identity of the proper defendants does not further his argument, because the fraudulent concealment statute is concerned with cases in which the injury--not merely the identity of the wrongdoer--is hidden. It is uncontroverted that Mr. Smith knew of his injury on March 18, 1985.
 
 B. Equitable Tolling and Equitable Estoppel
 
 11
 Alternatively, Mr. Smith contends that, because the defendants actively concealed their identities, the doctrines of equitable tolling and equitable estoppel should bar the defendants from pleading the statute of limitations or suspend the running of the limitations period from the time of the injury until the day he was reasonably sure that it was the defendants, rather than the Indiana police officers, who were responsible for his injuries.
 
 1. Waiver
 
 12
 Defendants argue that Mr. Smith waived the issues of equitable tolling and equitable estoppel because he failed to raise them in the district court. We note that Mr. Smith's complaint alleges not only the facts of the alleged assault, but also that the defendants "conspired and intentionally withheld information of the actions of the Defendant, CHARLES EWERS, which prevented the Plaintiff, KING SMITH, JR., from seeking recovery." R.1 at 5. In their memorandum of law in support of their motion to dismiss, defendants specifically addressed the allegation that they had intentionally withheld information. R.18 at 2. In his response to the motion to dismiss, Mr. Smith discussed the defendant's misconduct at length and argued that "the Defendants should not be in a position to use the Statute of Limitations to protect the fraudulent concealment of a cause of action." R.25 at 7. In their reply brief to Mr. Smith's response, defendants argued:
 
 
 13
 In federal causes of action, the Seventh Circuit has applied the federal doctrine of equitable tolling rather than the Illinois fraudulent concealment statute. Suslick v. Rothschild Sec. Corp., 741 F.2d 1000 (7th Cir.1984). See also Sperry v. Barggren, 523 F.2d 708, 710 (7th Cir.1975) (equitable tolling doctrine is read into every federal statute of limitations including state statutes adopted by federal law)....
 
 
 14
 R.27 at 3-4. Defendants went on to analyze Suslick in light of the facts of this case and "the doctrine of equitable tolling." R.27 at 5. On this record, we cannot hold that these issues were waived. Although the district court and the parties focused on Illinois' fraudulent concealment statute rather than the equitable doctrines, those doctrines were brought to the attention of the court.
 
 
 15
 2. Jurisdictional and procedural statutes of limitation
 
 
 16
 Under both Illinois and federal law, neither equitable tolling nor equitable estoppel applies to statutes of limitations that are jurisdictional rather than procedural. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991); Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1040-41 (D.C.Cir.1986); Fredman Bros. Furniture Co. v. Department of Revenue, 109 Ill.2d 202, 93 Ill.Dec. 360, 362-63, 486 N.E.2d 893, 895-96 (1985); Charleston Community Unit School Dist. No. 1 v. Illinois Educ. Labor Rel. Bd., 203 Ill.App.3d 619, 149 Ill.Dec. 53, 55, 561 N.E.2d 331, 333 (1990), appeal denied, 136 Ill.2d 542, 153 Ill.Dec. 371, 567 N.E.2d 329 (1991). Some statutes of limitations are jurisdictional and cannot be equitably extended: "[I]f the right being asserted is one unknown to the common law, the time limitation is an inherent element of the right and of the power of the tribunal to hear the matter." Charleston Community, 149 Ill.Dec. at 55, 561 N.E.2d at 333. Other statutes of limitations are merely procedural: "[I]f the right upon which the request for relief is based is a common law right, the time limitation is merely a procedural matter not affecting the jurisdiction of the tribunal." Id. Thus, a second issue antecedent to the potential application of equitable tolling or equitable estoppel is whether the statute of limitations at issue in this case is jurisdictional or procedural.
 
 
 17
 As noted,[4] the applicable limitations period for actions brought under 42 U.S.C. sections 1981 and 1983 in federal court in Illinois is Illinois' two-year statute of limitations for personal injury actions. Ill.Ann.Stat. ch. 110, p 13-202 (Smith-Hurd 1984). Because personal injury actions were recognized at common law, this statute of limitations is procedural rather than jurisdictional. Therefore, the limitations period at issue in this case is potentially subject to equitable tolling and equitable estoppel.
 
 3. Equitable tolling
 
 18
 Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Cada, 920 F.2d at 451 (citations omitted). This doctrine
 
 
 19
 does not assume a wrongful--or any--effort by the defendant to prevent the plaintiff from suing. It differs from [the discovery rule] in that the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant.
 
 
 20
 Id. In the context of an age discrimination claim, we have held that this doctrine tolls the administrative filing deadline "until the time when 'facts that would support a charge of discrimination ... were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.' " Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1225 (7th Cir.1991) (quoting Vaught v. R.R. Donnelley & Sons Co., 745 F.2d 407, 410-11 (7th Cir.1984)). In a nutshell, equitable tolling focuses on whether the plaintiff exercised due diligence but was nevertheless unable to determine information needed to bring a claim.[5]
 
 
 21
 Prior to the Supreme Court's decisions in Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), and Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), this court traditionally applied federal tolling rules to determine the circumstances in which a borrowed state limitations period would be tolled. See Sperry v. Barggren, 523 F.2d 708, 710 (7th Cir.1975); Tomera v. Galt, 511 F.2d 504, 509 (7th Cir.1975); Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123, 125-27 (7th Cir.1972). This approach was consistent with Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), in which the Supreme Court held that federal equitable tolling "is read into every federal statute of limitation." Without expressly overruling Holmberg or commenting on its continuing vitality, Johnson and subsequent cases have held that, when a federal court borrows a state statute of limitations, it should borrow any applicable state tolling provisions as well:
 
 
 22
 Any period of limitation ... is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgement.... * In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim.
 
 
 23
 Johnson, 421 U.S. at 463-64, 95 S.Ct. at 1722; see also Hardin v. Straub, 490 U.S. 536, 539-40, 109 S.Ct. 1998, 2001, 104 L.Ed.2d 582 (1989); Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); Board of Regents v. Tomanio, 446 U.S. 478, 483-86, 100 S.Ct. 1790, 1794-96, 64 L.Ed.2d 440 (1980). Thus, when a federal court borrows a state's limitations period, it also borrows the state's tolling rules--including any equitable tolling doctrines.
 
 
 24
 But the Supreme Court has not specifically stated whether a federal court that borrows a state statute of limitations should use state tolling rules exclusive of, rather than in addition to, the federal doctrine of equitable tolling. In Suslick v. Rothschild Securities Corp., 741 F.2d 1000, 1004 (7th Cir.1984)--decided after Tomanio and Johnson--this court held that "[t]he federal doctrine of equitable tolling is available," in addition to state tolling rules, when a federal court borrows a state statute of limitations. Because this case remains the law of this circuit,[6] it controls the resolution of this issue, and we conclude that the district court should apply the federal doctrine of equitable tolling in addition to the Illinois tolling provisions.
 
 4. Equitable estoppel
 
 25
 Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir.1990) (citations omitted), cert. denied, --- U.S. ----, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). This doctrine
 
 
 26
 addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forebearing suit within the applicable limitations period. Its application is wholly independent of the limitations period and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice.
 
 
 27
 Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir.1978). A current treatise describes the doctrine in these terms:
 
 
 28
 Estoppel against pleading the statute is limited to cases in which the defendant's conduct or representations were directed to the very point of obtaining the delay of which he seeks to take advantage.
 
 
 29
 51 Am.Jur.2d Limitation of Actions § 438, at 904 (1970) (footnote omitted). As we noted recently in Wheeldon v. Monon Corp., 946 F.2d 533 (7th Cir.1991):
 
 
 30
 The doctrine of equitable estoppel, where the plaintiff alleges improper conduct on the part of the defendant, is a more generous doctrine than the doctrine of equitable tolling--which adjusts the rights of two innocent parties. To prove estoppel successfully, the plaintiff must show that the defendant's conduct was improper, and that the plaintiff was harmed by such conduct.
 
 
 31
 Id. at 537 (citation omitted). We have held that equitable estoppel is "available only under limited circumstances." Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1225 (7th Cir.1991). Among other factors, courts should look for " 'a showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations' " and " 'evidence of improper purpose on the part of the defendant and the defendant's actual or constructive knowledge of the deceptive nature of its conduct.' " Id. (quoting Mull v. ARCO Durethene Plastics, Inc., 784 F.2d 284, 292 (7th Cir.1986)). But cf. Cange v. Stotler & Co., 826 F.2d 581, 587 (7th Cir.1987) (" '[I]t is not necessary that the defendant intentionally mislead or deceive the plaintiff, or even intend by its conduct to induce delay.' ") (quoting Bomba v. W.L. Belvidere, 579 F.2d 1067, 1071 (7th Cir.1978)).
 
 
 32
 The court's recent formulation in Cada is particularly helpful for present purposes because Mr. Smith suggests that the defendant affirmatively misled him and therefore delayed the commencement of the action.[7] In Cada, the plaintiff, Joseph Cada, alleged that his employer, Baxter, had discharged him in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. The court described the possible application of equitable estoppel in these terms:
 
 
 33
 Fraudulent concealment in the law of limitations presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant--above and beyond the wrongdoing upon which the plaintiff's claim is founded--to prevent the plaintiff from suing in time.
 
 
 34
 If Baxter had told Cada that it would not plead the statute of limitations as a defense to any suit for age discrimination that he might bring, this would be a case for equitable estoppel; so also if Baxter had presented Cada with forged documents purporting to negate any basis for supposing that Cada's termination was related to his age. Cada tries to bring himself within the doctrine by contending that the reorganization of the creative services department was a ruse to conceal the plan to fire him because of his age. This merges the substantive wrong with the tolling doctrine, ignoring our earlier distinction between the two types of fraud. It implies that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, "We're firing you because of your age." It would be eliminating the statute of limitations in age discrimination cases.
 
 
 35
 Cada, 920 F.2d at 451.[8] In essence, equitable estoppel focuses on whether the defendant acted affirmatively to stop or delay the plaintiff from bringing suit within the limitations period.
 
 
 36
 In contrast to equitable tolling, federal courts do not borrow state equitable estoppel doctrine when they borrow a state statute of limitations; federal courts apply the federal doctrine of equitable estoppel. As we have noted, neither Johnson nor any of its progeny were concerned with the federal doctrine of equitable estoppel.
 
 
 37
 [N]one of those decisions dealt with equitable estoppel; those decisions only held that courts should borrow state tolling rules when borrowing state statutes of limitations. None of them questioned the principle ... that equitable estoppel is not a creature of the particular statute of limitations relied upon and thus, unlike tolling rules, it is not a part of the legislative balancing of the conflicting interests of enforcement versus staleness of claims embodied in statutes of limitations.... This longstanding principle owes its existence to the nature of federal courts as tribunals of justice and not to a particular state or federal statute of limitations.
 
 
 38
 Cange v. Stotler & Co., 826 F.2d 581, 587 (7th Cir.1987) (citations omitted). Indeed, the Supreme Court has never suggested that a federal court should borrow a state's equitable estoppel doctrine when borrowing that state's statute of limitations and tolling rules.
 
 5. The task of the district court
 
 39
 We return this case to the district court so that it may consider in the first instance whether either the doctrine of equitable estoppel or the doctrine of equitable tolling is applicable to this case. The scant record before us makes it inappropriate for us to make any such determination. We emphasize, therefore, that we express no opinion on any factual issue. For instance, defendants contend that, even if the district court had applied these equitable doctrines, the two-year limitations period would have run between February 23, 1988--when officer Gannon testified that it was a Chicago Heights officer who assaulted Mr. Smith--and March 19, 1990--when Mr. Smith filed his suit. In response, Mr. Smith contends that he "did not and could not know for certain that Gannon was accurate," Appellant's Reply Br. at 2, and that it was not until much later that he confirmed that the defendants were the proper party to sue. This is a factual issue that the district court is best suited to resolve. Similarly, with respect to the applicability of equitable estoppel, the district court will have to evaluate Mr. Smith's contention that Officer Ewers affirmatively misled him--rather than simply denied the underlying allegations--in his deposition. Appellant's Br. at 3-4; see Cada, 920 F.2d at 451.
 
 Conclusion
 
 40
 Although Mr. Smith was unaware of the identity of the defendants, he knew of his cause of action; consequently, Illinois' fraudulent concealment statute does not apply. Nevertheless, the district court failed to give sufficient consideration to the argument that the two-year statute of limitations was equitably tolled, or that the defendants are equitably estopped from raising the statute of limitations as a defense. For these reasons, the judgment of the district court is affirmed in part and vacated in part, and this case is remanded to the district court for further proceedings in conformity with this opinion. Each party shall bear its own costs in this court.
 
 
 41
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 [1]
 Under Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985), and Anton v. Lehpamer, 787 F.2d 1141, 1142 (7th Cir.1986), the applicable limitations period for claims brought under 42 U.S.C. § 1983 in federal court in Illinois is Illinois' two-year statute of limitations for personal injury actions. Ill.Ann.Stat. ch. 110, p 13-202 (Smith-Hurd 1984). The same state statute of limitations is borrowed for actions brought under 42 U.S.C. § 1981. Goodman v. Lukens Steel Co., 482 U.S. 656, 660-64, 107 S.Ct. 2617, 2620-22, 96 L.Ed.2d 572 (1987); Bailey v. Northern Indiana Pub. Serv. Co., 910 F.2d 406, 412 n. 5 (7th Cir.1990). The Supreme Court has held that when a federal court adopts a state statute of limitations, the court must also adopt the state rules tolling that statute of limitations unless the rules are inconsistent with the Constitution and laws of the United States. Board of Regents v. Tomanio, 446 U.S. 478, 483-86, 100 S.Ct. 1790, 1794-96, 64 L.Ed.2d 440 (1980); Johnson v. Railway Express Agency, 421 U.S. 454, 460-66, 95 S.Ct. 1716, 1720-23, 44 L.Ed.2d 295 (1975)
 
 
 [2]
 Mr. Smith also argues that due process requires that his case be reinstated. We do not address this argument because Mr. Smith waived the issue by failing to raise it in the district court
 
 
 [3]
 In full, paragraph 13-215 provides:
 If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.
 Ill.Ann.Stat. ch. 110, p 13-215 (Smith-Hurd 1984). The district court apparently presumed that this statute was a "state tolling rule" to be applied pursuant to Board of Regents v. Tomanio, 446 U.S. 478, 483-86, 100 S.Ct. 1790, 1794-96, 64 L.Ed.2d 440 (1980), and Johnson v. Railway Express Agency, 421 U.S. 454, 460-66, 95 S.Ct. 1716, 1720-23, 44 L.Ed.2d 295 (1975). Because the parties have not asked us to characterize the statute as otherwise, we do not disturb the judgment of the district court in this regard.
 
 
 [4]
 See supra n. 1
 
 
 [5]
 Illinois' doctrine of equitable tolling is not well formulated and appears to blend elements of equitable tolling and equitable estoppel. See Charleston Community Unit School Dist. No. 1 v. Illinois Educ. Labor Rel. Bd., 203 Ill.App.3d 619, 149 Ill.Dec. 53, 54-55, 561 N.E.2d 331, 332-33 (1990) ("If the six-month requirement is merely a statute of limitations, tolling may occur when equity so requires."), appeal denied, 136 Ill.2d 542, 153 Ill.Dec. 371, 567 N.E.2d 329 (1991); Larrance v. Illinois Human Rights Comm'n, 166 Ill.App.3d 224, 117 Ill.Dec. 36, 519 N.E.2d 1203, 1209 ("Equitable tolling is a concept which should be applied to prevent injustice when the agency has knowingly misled a complainant or in some manner acted unfairly."), appeal denied, 122 Ill.2d 577, 125 Ill.Dec. 220, 530 N.E.2d 248 (1988), and cert. denied, 489 U.S. 1054, 109 S.Ct. 1316, 103 L.Ed.2d 585 (1989)
 
 
 [6]
 This court has expressed some uncertainty about the soundness of the practice of "stacking" federal and state tolling rules. Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385, 1389 (7th Cir.1990) ("difficult questions concerning whose tolling and estoppel doctrines apply"), cert. denied, --- U.S. ----, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991); Davenport v. A.C. Davenport & Son Co., 903 F.2d 1139, 1141 (7th Cir.1990) ("some doubt exists"); Hemmings v. Barian, 822 F.2d 688, 690 (7th Cir.1987) ("perhaps incorrect[ ]"); Norris v. Wirtz, 818 F.2d 1329, 1332 (7th Cir.) ("we need not decide if this is permissible"), cert. denied, 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987). But, as we have noted elsewhere, "Suslick remains the law of this Circuit." Cange v. Stotler & Co., 826 F.2d 581, 586 n. 3 (7th Cir.1987)
 
 
 [7]
 Mr. Smith alleges that "defendants at bar made a series of false statements both in police reports and under oath at depositions wherein they led plaintiff to believe that certain other parties were responsible for plaintiff's injuries," and "defendants actively, deliberately and repeatedly concealed their part in plaintiff's cause of action." Appellant's Br. at 3-4
 
 
 [8]
 A treatise gives the following instructive example:
 A fraudulent misrepresentation by the defendant as to his name or identity estops the defendant to plead the statute of limitations, provided it prevented the plaintiff from bringing his action within the limitation period by misleading him and hindering him from obtaining the information necessary for the protection of his rights.
 
 
 [51]
 Am.Jur.2d Limitation of Actions § 450, at 912-13 (1970) (footnote omitted)