968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John G. KOTSIAS, Plaintiff/Appellant,
v.
Richard M. DALEY, Gerald MacNamara, Patrick Flaherty, et
al., Defendants/Appellees.
 No. 91-2655.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1992.*
Decided July 16, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On March 4, 1991, John Kotsias filed a complaint against numerous city and county officials and employees pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1961-1968. The district court granted the defendants' motions to dismiss. Fed.R.Civ.P. 12(b)(6). Mr. Kotsias, pro se, appeals. We affirm.
 
 
 2
 This court reviews a district court's grant of a motion to dismiss de novo, viewing "all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff." Caldwell v. City of Elwood, Ind., 959 F.2d 670, 671 (7th Cir.1992). "Pro se complaints are to be liberally construed [and] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Smith v. United States District Court for the Southern District of Ill., 956 F.2d 647, 649 (7th Cir.1992) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted)).
 
 42 U.S.C. § 1983
 
 3
 The complaint alleged that Richard Daley, then Cook County State's Attorney and current Mayor of Chicago, Gerald MacNamara and Patrick Flaherty, investigators for the Cook County State's Attorney's Office, and John Flanagan, a lieutenant in the Chicago Police Department, "conspired to actualize a false arrest" of Kotsias and did "knowingly and falsely" arrest him on or about June of 1988 under color of state law and that Chicago Police Commanders Nestor Chakonas and William Quinn together with Daley, MacNamara, and Quinn "attempted to build and fraudulently manufacture a criminal record of Kotsias." The district court found that these claims were time-barred by the statute of limitations. In addition, with respect to defendants Flanagan, Quinn, and Chakonas, the district court found that the complaint did not state with specificity personal involvement, and, to the extent that they were being sued in their official capacities, failed to allege municipal liability.[1] On appeal, Mr. Kotsias argues that the dismissal of these claims was improper because the statute of limitations was tolled.
 
 
 4
 The question of the statute of limitations in § 1983 cases is controlled by state law, Wilson v. Garcia, 471 U.S. 261, 269 (1985), including the state's tolling provisions. Knox v. Cook County Sheriff's Police Dept., 866 F.2d 905, 907 (7th Cir.1988). In Illinois, the limitations period for personal injury is two years. Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276, 277 (7th Cir.1989). The limitations period is triggered with the realization that someone might be legally responsible for the injury. Weger v. Shell Oil Co., No. 91-2464, slip op. at 5 (7th Cir. June 4, 1992).
 
 
 5
 Mr. Kotsias' contention is that the statute of limitations was tolled under the Illinois fraudulent concealment statute. Ill.Ann.Stat. ch. 110, para. 13-215 (Smith-Hurd 1984). He argues that, although he was aware of the individuals and the acts involved, he was not aware that the acts were done under color of official right and under color of state law until May 23, 1990, when the records of his June 1988 arrest were ordered by the Circuit Court.
 
 
 6
 Mr. Kotsias' allegations do not constitute fraudulent concealment. He had notice of his claim prior to obtaining the documents and had made no attempt to procure copies of any document he might need to pursue a civil rights claim. Since he claims that he was aware of the individuals involved in his alleged false arrest, it defies reason that he did not know that the county officials or police officers were acting under color of state law until 1990. Smith v. City of Chicago Heights, 951 F.2d 834, 838 (7th Cir.1992) (Illinois' fraudulent concealment statute does not apply when plaintiff knew of sufficient facts upon which to base a cause of action). The statute of limitations was not tolled as to Mr. Kotsias' claims.
 
 
 7
 Alternatively, Mr. Kotsias argues that dismissal of his claims as time-barred offended Article I, § 12 of the Illinois Constitution, which provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." The Illinois Supreme Court has held that "this constitutional provision merely expresses a philosophy, and does not mandate a certain remedy be provided in any specific form." Schoeberlein v. Purdue Univ., 544 N.E.2d 283, 286 (Ill.1989). Nor does the constitution provide a plaintiff an unlimited time to seek a remedy. Cf. Mega v. Holy Cross Hosp., 111 Ill.2d 416, 424-25 (1986) (§ 12 did not invalidate a four-year statute of repose for medical malpractice claims which contained no provision for discovery). Thus, Mr. Kotsias' failure to state a cause of action cannot be cured by alleging he has "a certain remedy" under the Illinois constitution. McKeown v. Homoya, 568 N.E.2d 528, 530 (Ill.App.1991).
 
 RICO
 
 8
 The complaint also alleged that defendant police officers Louis Raye and Ralph Culver together with an unknown female police officer approached Mr. Kotsias while he was walking in a public park and then "provoked an incident, beat, punched, kicked, and choked [him] ... and arrested him on a petty misdemeanor charge," on or about April 20, 1989, in violation of RICO.[2] The district court dismissed the complaint as to these defendants because Mr. Kotsias failed to specify the section of RICO that was allegedly violated and because he failed to allege the elements of a RICO claim.
 
 
 9
 Mr. Kotsias argues that dismissal was improper because he stated a claim under RICO. Construing his arguments liberally, he contends that his reputation and the sale of his book were injured by the alleged false arrests and by the citation of his book in the police report. He further contends that he was injured by the enterprises of the Cook County State's Attorney's Office and the Chicago Police Department, which engaged in a continuous pattern of racketeering activity that involved: 1) a conspiracy to deny him his constitutional rights, and 2) an allegedly false police report which included a reference to his book.
 
 
 10
 There are a number of problems with Mr. Kotsias' RICO claim. It is unclear from the complaint who is involved in the alleged conspiracy or enterprise or what section of RICO is implicated. His allegations are merely conclusory, without specifying who was involved in the conspiracy or establishing that there was a meeting of the minds. Jennings v. Emry, 910 F.2d 1434, 1441 (7th Cir.1990) (a plaintiff alleging a RICO conspiracy must show agreement and structure). Mr. Kotsias refers to a mention of his book in an allegedly false police report that may have affected the sale of his book, but he does not support his allegation with any factual detail. Id. at 1438 ("conclusory allegations that various statutory provisions have been breached are of no consequence if unsupported by proper factual allegations"). He seems to claim that his arrests demonstrate a pattern of racketeering activity. However, the activities that Mr. Kotsias alleges do not qualify as racketeering activities as defined in 18 U.S.C. § 1961. Violations of constitutional law are not predicate acts under RICO. Id. Also, Mr. Kotsias has not shown a financial purpose behind the alleged activities. See National Organization for Women, Inc. v. Scheidler, No. 91-2468, slip op. at 32 (7th Cir. June 29, 1992) ("non-economic crimes committed in furtherance of non-economic motives are not within the ambit of RICO"). We agree with the district court that Mr. Kotsias has failed to state a claim under RICO.
 
 
 11
 For the above reasons, the decision of the district court is AFFIRMED.[3]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statements having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Kotsias does not challenge this finding, and, therefore, it is waived on appeal. Deeming v. American Standard, Inc., 905 F.2d 1124, 1129 (7th Cir.1990)
 
 
 [2]
 Mr. Kotsias also alleged that these defendants violated certain of his constitutional rights. However, on appeal he does not challenge the dismissal of his claim on these issues
 
 
 [3]
 Mr. Kotsias also alleges that the district court improperly dismissed as moot his motion pursuant to Federal Rule of Civil Procedure 37(b). Given our disposition of this case, we need not address this issue