96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry COLE, also known as Larry Hayes, Plaintiff-Appellant,
v.
Richard D. IRVIN, Louis O. Lowery, Marion Larson, et al., in
their individual, personal and official
capacities, Defendants-Appellees.
 No. 94-3927.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1996.*
Decided Sept. 6, 1996.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Larry Cole is an inmate in the Illinois Department of Corrections. In September 1990, officials at the Pontiac Correctional Center (PCC)--where Mr. Cole was then incarcerated--obtained evidence which led them to believe that Mr. Cole was involved in a romantic relationship with Theresa Zalud, a state employee at the prison. The defendants--guards and officials at the PCC--searched Mr. Cole's cell and seized a number of letters from Ms. Zalud to Mr. Cole. (The letters were signed with various nicknames, but Mr. Cole never actually denied that they came from Ms. Zalud.) After the search, the defendants held Mr. Cole in administrative detention while they continued their investigation. Although Mr. Cole was never formally charged with any prison rule violation, he was transferred to the Shawnee Correctional Center in December 1990.
 
 
 2
 Mr. Cole claims that in December 1993 he learned additional information about the 1990 investigation. He claims to have learned that the defendants watched his incoming mail at the PCC for letters postmarked from the town in which Ms. Zalud lived, that they seized certain mail from Ms. Zalud before it was delivered to Mr. Cole, that they retaliated against him for his complaint (apparently made prior to September 1990) concerning corruption among the guards at the PCC, and that even before they searched his cell in September 1990, the defendants had decided to place him in administrative detention while investigating his possible relationship with Ms. Zalud.
 
 
 3
 Mr. Cole filed this pro se suit under 42 U.S.C. § 1983 in May 1994. He claimed, inter alia, that the defendants illegally searched and seized his incoming mail (the mail from Ms. Zalud the defendants intercepted), that he was placed in administrative detention based upon this "illegally seized" evidence, that the defendants transferred him to the Shawnee Correctional Center for retaliatory reasons, and that the defendants placed erroneous information in his prison file which will delay or inhibit his parole.
 
 
 4
 The defendants filed a motion to dismiss, claiming that Mr. Cole's suit was barred by the statute of limitations, and Mr. Cole filed a response. The district court dismissed Mr. Cole's suit, holding that it was barred by the statute of limitations. The district court denied Mr. Cole's motion to reconsider, and this appeal followed.
 
 
 5
 State law determines the statute of limitations for § 1983 suits; in Illinois, that period is two years. Gosnell v. City of Troy, Ill., 59 F.3d 654, 656 (7th Cir.1995). Mr. Cole's cause of action accrued--at the very latest--in December 1990. He did not file suit until May 1994--well beyond the two year statute of limitations.
 
 
 6
 Nonetheless, Mr. Cole claims that the defendants' "fraudulent concealment" tolled the statute of limitations. It is true that Illinois tolling provisions also apply to the statute of limitations for § 1983 suits arising in Illinois, Wilson v. Garcia, 471 U.S. 261, 269 (1985); Gosnell, 59 F.3d at 656, and that under Illinois law, the statute of limitations on a suit is tolled if the defendants take affirmative steps fraudulently to conceal from the plaintiff his cause of action. 735 ILCS 5/13-215. But Illinois law also holds that mere silence or inaction by a defendant is insufficient to toll the statute of limitations. Hagney v. Lopeman, 590 N.E.2d 466, 463-64 (Ill.1992); Nickels v. Reid, 661 N.E.2d 442, 449 (Ill.App.Ct.1996). See also Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir.1993).
 
 
 7
 In this case, Mr. Cole fails to allege any affirmative acts by the defendants that kept him from earlier obtaining the information he obtained in 1993. Although he labels the defendants' actions as "fraudulent concealment," the defendants at most were silent (in the sense that they simply said nothing to Mr. Cole) as to the facts Mr. Cole claims to have learned only in 1993. Thus, the statute of limitations on Mr. Cole's cause of action was not tolled under Illinois law.
 
 
 8
 Nor can Mr. Cole rely on equitable doctrines arising under federal law to estop the defendants from asserting the statute of limitations as a defense or to suspend the running of the statute of limitations. The plaintiff in a § 1983 suit may assert equitable estoppel against the defendant if the defendant's improper conduct prevented the plaintiff from suing in time. Smith v. City of Chicago Heights, 951 F.2d 834, 840-41 (7th Cir.1992). In this case, however, Mr. Cole alleges no improper active conduct by the defendants (again, their mere silence will not suffice) which lulled him into delaying the filing of his suit until after the statute of limitations had expired. Accordingly, Mr. Cole cannot avail himself of this doctrine.
 
 
 9
 Finally, we consider the federal doctrine of equitable tolling. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Id. at 839 (citations and internal quotations omitted). Application of equitable tolling, too, is governed by federal law. Id. at 840. In this case, Mr. Cole knew in 1992 that the defendants investigated his relationship with Ms. Zalud, searched his cell, seized some letters from Ms. Zalud to him, held him in administrative detention, and transferred him to the Shawnee Correctional Center. In this case, the only additional information the plaintiff claims to have learned in 1993 was that the extent of the defendants' investigation and the number of letters they seized were greater than he had previously believed. Neither of these is "vital information bearing on the existence of his claim," and hence, Mr. Cole cannot assert equitable tolling to suspend the running of the statute of limitations.
 
 
 10
 Mr. Cole's cause of action accrued--at the very latest--in December 1990 when he was transferred to the Shawnee Correctional Center. With no state tolling provisions or federal equitable doctrines to suspend the running of the statute of limitations, the two year statute of limitations applicable to suits under § 1983 arising in Illinois therefore expired in December 1992. Mr. Cole did not file his suit until May 1994, one and one-half years beyond the expiration of the statute of limitations. We therefore hold that the district court properly dismissed Mr. Cole's suit based on the defendant's assertion of the statute of limitations.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral arugment is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)