FOLLADORI INDUSTRIES, INC., Plaintiff-Appellant, *v.* SIMS MOTOR TRANSPORT LINES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 76-1306

Opinion filed July 25, 1977.

172

Raymond P. Carroll, of Chicago, for appellant.

Goldgehn, Leonardo, Goldgehn & Isaacson, of Chicago, for appellees.

Mr. JUSTICE BUA delivered the opinion of the court:

Plaintiff, Folladori Industries, Inc., appeals from an order entered March 19, 1975, in the Circuit Court of Cook County striking and dismissing its complaint. The issue on review is whether plaintiff's cause of action is barred by the statute of limitations of the State of Ohio (Ohio Rev. Code Ann. §2305.10 (1953)). The facts follow.

On August 25, 1972, plaintiff, an interstate common carrier, received a shipment of goods on consignment from Bar Steel Co. of Detroit, Michigan, for delivery to the Apollo Steel Supply Co., Chicago, Illinois. The following day, while en route to Chicago, plaintiff's truck was involved in a collision with a truck operated by Robert Crouch, an employee of the Sims Motor Transport Lines, Inc. (defendants). The collision occurred on U.S. 23 in Lucas County, Ohio.

On September 8, 1972, plaintiff paid its consignee, Apollo Steel, the sum of $3,322.43 for damage to the goods.

Subsequently, on September 3, 1974, plaintiff filed suit against the defendants to recover the sum paid to the consignee. On October 2, 1974, defendants filed their motions to strike and dismiss the complaint on the grounds that, under Ohio law, the plaintiff's cause of action was barred by a two-year statute of limitations.

On March 19, 1975, following a hearing, the court sustained defendants' motion and dismissed the complaint on the ground that the two year statute of limitations had expired.

The Ohio statute governing limitation of actions in personal injury and property damage cases (Ohio Rev. Code Ann. §2305.10 (1953)) states in pertinent part as follows: "An action for bodily injury or injuring personal property shall be brought within two years after the cause

thereof arose." Manifestly, the cause of action for injury to personal property accrues at the time of the injury, and the two-year statute of limitations prescribed therefor will commence to run at that time (34 O. Jur. 2d *Limitation of Actions* §66). Applying this law to the facts, plaintiff's cause of action, filed September 3, 1974, was clearly barred by the two-year statute of limitations.

Plaintiff contends, however, that Ohio Rev. Code Ann. §2305.10 (1953) does not control. Plaintiff argues that the instant action is for indemnification arising under an implied contract as set forth in its complaint. As such, Ohio Rev. Code Ann. §2305.07 (1953), which provides a six-year statute of limitations in actions arising out of unwritten contracts is controlling. In the alternative, plaintiff theorizes that their liability to the consignee is based upon the Carmack Amendment of the Interstate Commerce Act (49 U.S.C. §20(11) (1970)) and therefor the statute of limitations should commence to run on September 8, 1972, the date payment was made to the consignee. We find no merit in either of these arguments.

■■ ■ The two-year statute of limitations in Ohio Rev. Code. Ann. §2305.10 (1953) cannot be avoided by couching a complaint in terms of a breach of contract action rather than a tort. If the action seeks to recover for injury to personal property, regardless of the terminology used in the complaint, the two-year statute is applicable. (*Andrianos v. Traction Company* (1951), 155 Ohio St. 47, 97 N.E.2d 549; *Sears Roebuck & Co. v. Cleveland Trust Co.* (6th Cir. 1966), 355 F.2d 705; *Underwriters at Lloyd's v. Peerless Storage Co.* (S.D. Ohio 1975), 404 F. Supp. 492.) The instant action is not one for indemnification, it is one for recovery for injury to personal property, and as such it must come within the two-year limitation of Ohio Rev. Code Ann. §2305.10 (1953).

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.