ERNEST PRATT *et al.*, Plaintiffs-Appellants, *v.* SEARS ROEBUCK & COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 78-364

■

Opinion filed May 11, 1979.

Irving B. Campbell, of Arlington Heights, for appellants.

Sam L. Miller, Ltd., of Chicago (Sam L. Miller, of counsel), for appellee Sears Roebuck & Company.

Schaffenegger, Watson and Peterson, Ltd., of Chicago (Jack L. Watson, of counsel), for appellee A. O. Smith Corporation.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiffs brought a suit against defendants alleging that they breached a contract entered into for the benefit of a group of individuals, including plaintiffs. The trial court granted defendants' motions to dismiss on the ground that the action was barred by the statute of limitations. On appeal, plaintiffs contend that their action should not have been barred and that they should be allowed to cure any defect in pleading by amendment. We affirm on both points raised.

On July 2, 1971, a gas-fired water heater which plaintiffs had purchased from defendant Sears exploded and burst into flames, destroying plaintiffs' home and various household furnishings. In 1972, they brought a products liability suit against Sears alleging that Sears had breached their implied and express warranties that the water heater which they had installed was "suitable and reasonably fit for the use intended." Plaintiffs requested relief for property damages caused by the explosion and fire. On August 8, 1974, this suit was dismissed with prejudice because of plaintiffs' failure to respond to interrogatories.

On April 13, 1977, plaintiffs filed the instant suit against Sears and three named corporations who had manufactured and sold gas-fired water heaters to Sears. Ultimately, two of the corporations were dismissed and plaintiffs' suit proceeded against Sears and A. O. Smith Corporation (herein Smith), the alleged manufacturer of the water heater purchased by plaintiffs. In an amended pleading, plaintiffs alleged that Smith had expressly warranted to Sears in a written contract that "said water heaters would be manufactured by it free of defects, safe, and suitable for use by customers of Sears in their homes." They claimed that this contract was a third-party beneficiary contract for the benefit of Sears' customers and that Sears had a duty to enforce this contract on their behalf. Although not entirely clear from the pleading, plaintiffs apparently claimed that Sears breached the contract by failing to enforce its provisions and Smith breached the contract when they sold the water heater which proved to be unfit for its intended purpose. Also, they

charged that Sears, individually and together with Smith, actively concealed Smith's name and refused to provide them with that information. They claimed that they only discovered Smith's name 30 days before they filed their suit. As was the case in plaintiffs' earlier suit against Sears, they requested relief for property damages caused by the explosion and fire.

On November 30, 1977, the trial court granted both defendants' motion to dismiss on the ground that plaintiffs had failed to file suit within the applicable statutes of limitations. In dismissing the case, the trial court noted that since discovery was available to plaintiffs in the earlier suit against Sears, no cause of action could be maintained against either defendant. Additionally, the trial court denied plaintiffs' motion to amend their complaint on the ground that discovery had been "available to plaintiffs in the 1972 complaint and therefore no fraudulent concealment exists."

OPINION

Plaintiffs contend that the statute of limitations does not bar their cause of action because their action did not accrue until they discovered the name of the manufacturer of the water heater. They also contend that if it is determined that their cause of action accrued on the date of the explosion, then they now should be allowed to bring this suit because defendants fraudulently concealed the cause of action. We disagree with both contentions.

Initially, we note that although plaintiffs characterize their present suit as a breach of contract action, based on their position as third-party beneficiaries, we cannot tell from their complaint whether they are asserting strict liability upon a warranty concept or breach of an implied warranty. (See *Lowrie v. City of Evanston* (1977), 50 Ill. App. 3d 376, 365 N.E.2d 923.) In addition to making allegations for breach of implied warranty, plaintiffs also have alleged that the water heater was unreasonably dangerous when sold and that as a result of its dangerous and defective condition, the water heater exploded and caught fire, destroying their home and various household furnishings. These latter allegations are strict liability allegations. Nonetheless, it does not matter whether plaintiffs' theory is strict liability or breach of implied warranty because their cause of action is barred by the statute of limitations.

There appear to be two statutes of limitation which could be applicable to plaintiffs' cause of action. The action could be subject to a 5-year statute for actions to recover damages for injury to property (Ill. Rev. Stat. 1969, ch. 83, par. 16) or it could be subject to a 4-year statute for actions for breach of a contract for sale. (Ill. Rev. Stat. 1969, ch. 26, par. 2—725.) The time period in both statutes begins to run when the cause of

action accrues. A cause of action for property damages normally accrues on the date of injury (*Folladori Industries, Inc. v. Sims Motor Transport Lines, Inc.* (1977), 51 Ill. App. 3d 171, 366 N.E.2d 557) and a cause of action for breach of contract normally accrues on the date of breach of duty. *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804.

In the instant case, plaintiffs' cause of action accrued as late as July 2, 1971, the date of the explosion and fire. Since plaintiffs filed their cause of action nearly 6 years after that date, their action would be barred under either the 5- or 4-year statute of limitations. Nonetheless, they contend that application of the "discovery rule" is warranted by the circumstances of this case.

■■ ■ The "discovery rule" allows a cause of action to accrue when a plaintiff knows or should have known of the existence of his or her right to sue. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 344 N.E.2d 160.) This rule will be applied when the ends of justice require a relaxation of the normal rules of accrual (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656), but it will be applied circumspectly. (*Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330, 355 N.E.2d 686.) A plaintiff requesting application of the discovery rule must plead facts necessary to explain why the cause of action was not discovered sooner. *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 374 N.E.2d 670.

Plaintiffs have not pleaded facts which explain their failure to discover the existence of the contract sooner. They merely have pleaded that defendants have conspired to conceal Smith's name from them and that they did not discover Smith's name until 30 days before they filed their action. These allegations amount to no more than conclusions and only explain by implication why they did not discover the existence of the contract sooner.

Plaintiffs have not explained why they could not have obtained the manufacturer's name sooner. We believe that they could have discovered this information sooner than nearly six years after the explosion and fire. Presumably, they could have obtained this information had they participated in discovery in their earlier suit against Sears. Although they claim that this information was irrelevant to their breach of warranty action against Sears, we believe that in a products liability action the name of a manufacturer is never irrelevant. Certainly, plaintiffs were apprised of the possible liability of the manufacturer when Sears denied liability and stated that "the fault, if any, was of the manufacturer." Additionally, plaintiffs have not pleaded any facts which would indicate that they could not have obtained the name of the manufacturer through

some other means. In nearly six years time they should have been able to trace the water heater back to its manufacturer.

■■ Furthermore, plaintiffs have not attached the alleged contract to their complaint. They claim that it is inaccessible, yet, that does not lessen the problem of determining whether they, in fact, have a recently discovered cause of action against defendants. Absent the contract, we do not know the nature of the agreement, if any, between defendants. Plaintiffs have pleaded neither specific promises which were made for the benefit of third-party beneficiaries nor the extent to which Smith would be held liable to third-party beneficiaries. Considering these various deficiencies and the ample opportunity which plaintiffs had to discover the information, the discovery rule is inapplicable to this case.

■■ Plaintiffs' next contention, a variation of their first contention, is that they should be permitted to bring their action because defendants fraudulently concealed the cause of action from them. Section 22 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 23) provides that:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the persons entitled to bring the same discovers that he has such cause of action, and not afterwards."

In order to avail oneself of section 22, a plaintiff must allege facts which affirmatively show the fraudulent concealment which prevented discovery of the cause of action sooner. *Brainerd v. Flannery* (1978), 56 Ill. App. 3d 991, 373 N.E.2d 26.

■■ Plaintiffs' complaint does not allege facts which affirmatively show fraudulent concealment. The allegations are mere conclusions. Plaintiffs merely state that defendants concealed·the name of the manufacturer. They neither allege that they made any requests for this information and were refused, nor allege any specific acts of concealment on defendants' part. Mere silence on defendants' part is not sufficient to amount to such fraudulent concealment as to warrant application of section 22. *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 374 N.E.2d 670.

■■ ■ Furthermore, section 22 applies to fraudulent concealment of causes of action; it does not apply to fraudulent concealment of the identity of tort-feasors. (*Guebard v. Jabaay* (1978), 65 Ill. App. 3d 255, 381 N.E.2d 1164.) Plaintiffs' complaint only alleges that defendants concealed the name of the manufacturer of the water heater. It does not expressly allege that they concealed any cause of action from them. Although such an allegation might be implied from the complaint, we do not believe that it would be proper for us to imply such a fact in a complaint filed·after the statute of limitations has run. Therefore, we hold that section 22 is inapplicable to plaintiffs' action.

■■ Lastly, we note that the trial court did not err when it denied plaintiffs' motion to amend their complaint. The decision to deny a request to amend is a matter within the sound discretion of the trial court. (*City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 374 N.E.2d 1277.) In light of the circumstances of the instant case, we cannot say that the court abused its discretion.

For the foregoing reasons, we find that the decisions of the trial court to grant defendants' motions to dismiss and to deny plaintiffs' motion to amend were proper.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.