**In re Norma Lee LEACH, Debtor.**

**Linda Bloom, Trustee Plaintiff,**

**v.**

**Dewayne Fry, Johnny Eugene Sizemore and Dortha Lou Sizemore, Defendants.**

**Bankruptcy No. 7–05–21506 MA. Adversary No. 07–1082 M.**

United States Bankruptcy Court, D. New Mexico.

Dec. 13, 2007.

---

**24.** § 707(b)(2)(B)(ii), (iii).

George M. Moore, Moore, Berkson & Gandarilla, Albuquerque, NM, for Plaintiff.

Charles Spencer Aspinwall, Los Lunas, NM, Gordon Melson, Seminole, OK, Gary D. Alsup, Clayton, NM, for Defendants.

### ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANTS' MOTION TO DISMISS

MARK B. McFEELEY, Bankruptcy Judge.

THIS MATTER is before the Court on Defendants, Johnny Eugene and Dortha Lou Sizemores' Motion to Dismiss Trustee Bloom's Fraudulent Conveyance Claim and Brief (the "Motion"). (Dockets 20 and 21). Plaintiff, Linda Bloom, the Chapter 7 Trustee, filed a Response. (Docket 22). Plaintiff initiated this adversary proceeding with a Complaint to avoid fraudulent transfers and for breach of contract. (Docket 1) The Motion argues that the fraudulent transfer cause of action should be dismissed because it is barred by the statute of limitations.

Having reviewed the pleadings, arguments and being otherwise sufficiently informed, the Court finds that the fraudulent

transfer claim is not time barred and will deny the Motion.

### Allegations in the Complaint[1]

1. In late 2001, the Debtor, Norma Lee Leach ("Leach"), owned certain real property, improvements and equipment located in Union County, New Mexico ("Leach Property"). Compl. ¶ 5.

2. In late 2001, Defendant, Dewayne Fry, owned certain real property, improvements and equipment located in Union County, New Mexico (the "Fry Property"). Compl. ¶ 6.

3. The Leach Property and the Fry Property had been operated as a unit pursuant to an informal joint venture between Fry and Leach. Compl. ¶ 7.

4. After experiencing financial troubles, Defendant Dewayne Fry, filed a Chapter 12 bankruptcy proceeding, confirmed a plan and undertook to refinance his property in order to pay claims. *In re Edwin De Wayne Fry*, No. 12–99–16379SA. Compl. ¶ 8.

5. In late 2001, Fry made an arrangement with the Defendants Johnny Eugene and Dortha Lou Sizemore (the "Sizemores"), by which the Sizemores agreed to assist Fry in the refinancing of the Fry Property. Compl. ¶ 9.

6. Because the Leach Property was considered essential to the operation of the Fry Property, Fry persuaded Leach to transfer the Leach Property along with the Fry Property to the Sizemores. The arrangement between Fry and the Sizemores provided that the Sizemores would acquire the Fry and Leach Properties, refinance the debt on the properties, and lease both tracts back to Fry and Leach with an option to repurchase or to sell. Compl. ¶¶ 10–12.

7. In December 2001, Fry conveyed the Fry Property to the Sizemores, and Leach conveyed the Leach Property to the Sizemores. Compl. ¶¶ 14–15. A Lease With Option to Purchase/Sell Real Estate ("Lease With Option") was executed in February 2002 between the Sizemores and Fry. Compl. ¶ 13.

8. Shortly thereafter, and in connection with the transfer of the properties to the Sizemores, the Leach Property or a beneficial interest therein, was transferred to Fry by means of the Lease With Option. Compl. ¶ 16. Leach was either a party to the Lease With Option or a third party beneficiary of the Lease With Option. Compl. ¶ 18.

9. In February 2004, the Sizemores caused the Lease With Option to be terminated and then caused the Leach Property and the Fry Property to be sold to Millard Morris on or about November 17, 2005. Compl. ¶ 19.

10. The Lease With Option provided that, when the property was sold, Fry would be entitled to the profit from the sale, less certain amounts that would be due to the Sizemores under the agreement. Compl. ¶ 20.

11. The Sizemores have failed to account to Fry or to Leach for the profit from the sale and have failed to pay Fry the share of the profit therefrom. Compl. ¶ 21.

12. Leach, filed this Chapter 7 bankruptcy proceeding on October 14, 2005. (Bk Docket 1) The Chapter 7 Trustee, Plaintiff here, was appointed on October 21, 2005.

---

1. In deciding a motion to dismiss, the Court considers all well-pleaded facts as true and construes them in favor of the non-moving party. *See Anderson v. Suiters,* 499 F.3d 1228, 1232 (10th Cir.2007).

13. The Complaint contains a count alleging that the transfers at issue are avoidable as fraudulent transfers; however, the Complaint does not cite under which statutory provision the trustee seeks to have the transfers avoided.

14. The Motion asserts that the following two statutory provisions can be employed to avoid the transfers at issue: 1) 11 U.S.C. 548 and 2) the New Mexico Uniform Fraudulent Transfer Act (NMUFTA). NMSA 1978 §§ 56–10–18 and 56–10–19 (Repl.Pamp.1996). The Motion argues that the fraudulent transfer claim is timebarred under both of these provisions.

*The Bankruptcy Code Fraudulent Transfer Provision*

The applicable Bankruptcy Code § 548 provides,

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, . . .

11 U.S.C. § 548.[2]

Although not alleged in the Complaint, the Sizemores admit in their Motion that the transfer at issue occurred on December 17, 2001 when the deed transferring the Leach Property to the Sizemores was recorded.[3] In their Answer, however, the Sizemores state that they purchased the Leach Property from the debtor on or about December 14, 2001 pursuant to a contract, which was attached to the Answer as an exhibit. The deed is not in the Court's record. For purposes of this Motion, the Court will consider the transfer to have occurred in December 2001. The transfer, therefore, occurred more than one year prior to the October 14, 2005 bankruptcy filing. To the extent the Complaint asserts a fraudulent transfer action under 11 U.S.C. § 548, it is untimely.[4]

*The New Mexico Fraudulent Transfer Act*

The Bankruptcy Code also allows avoidance of a fraudulent transfer under New Mexico law, and the New Mexico Uniform Fraudulent Transfer Act ("NMUFTA") contains its own statute of limitations. The Trustee's right to bring an action under state fraudulent transfer law is found in § 544 of title 11, which provides as follows:

(b)(1) . . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an

---

**2.** As part of the Bankruptcy Abuse Prevention and Consumer Protection Act (the "BAPCPA"), Congress amended § 548 to permit an estate representative to pursue transfers made up to two years prior to the petition date, but this case pre-dates the effective date of that amendment. *See* 151 Cong. Rec. H1993–01, 2005 WL 856697 at § 1406(b)(1) (109th Congress) (April 14, 2005)(stating, "The amendment made by section 1402(1) [the 2 year period] shall apply only with respect to cases commenced under title 11 of the United States Code more than 1 year after the date of the enactment of this Act.").

**3.** 11 U.S.C. § 548(d)(1) (stating that a transfer is complete for purposes of the provision when the debtor could not acquire a superior interest to the transferred property). The recording of a properly executed deed is considered a transfer under this provision. *In re Jones,* 184 B.R. 377, 384 ("New Mexico law is clear; it is upon recordation that a transfer of an interest in real property is perfected.").

**4.** *See Levit v. Spatz (In re Spatz),* 222 B.R. 157, 163 (N.D.Ill.1998) (upholding bankruptcy court's determination that action under § 548, the federal fraudulent transfer statute, was timebarred because the transfer did not occur on or within one year before the date of the petition.).

unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b).[5]

NMUFTA provides,

A. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

. . .

A. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

1978 NMSA §§ 56–10–18A and 56–10–19A (1996 Repl. Pamp.).

The statute of limitations applicable to NMUFTA is as follows:

A cause of action with respect to a fraudulent transfer or obligation under the Uniform Fraudulent Transfer Act is extinguished unless action is brought:

A. under Paragraph (1) of Subsection A of Section 5 of the Uniform Fraudulent Transfer Act, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;

B. under Paragraph (2) of Subsection A of Section 5 or Subsection A of Section 6 of that act, within four years after the transfer was made or the obligation was incurred; . . .

1978 NMSA § 56–10–23 (1996 Repl. Pamp.).

The Sizemores assert that the NMUFTA limitations period expired in December 2005, four years after the transfer in December 2001 and that since this action was brought in June 2007, more than 5 years after the transfer, it is time-barred. This interpretation of the statute of limitations in the context of a bankruptcy proceeding is incorrect. When applying the statute of limitations for NMUFTA actions brought pursuant to § 544(b) of the Bankruptcy Code, the NMUFTA statute of limitations applies only to determine whether the trustee has a viable cause of action as of the bankruptcy filing date.[6] Once the bankruptcy petition is filed, 11 U.S.C.

---

**5.** The "applicable law" here is New Mexico law. *See Jones,* 184 B.R. at 384 (Bankr. D.N.M.1995) (stating that the "applicable law" under § 544(b) was New Mexico law).

**6.** *Spatz,* 222 B.R. at 164.

**30**

§ 546 governs the time for bringing fraudulent transfer actions under state law.[7] Section 546 requires that an action be brought within the earlier of two years after the trustee is appointed or before the close of the bankruptcy proceeding.[8] As long as the action is viable on the date of the bankruptcy petition and the trustee asserts the action within the period specified in § 546, it is of no consequence that the limitations period expires during the pendency of the bankruptcy proceeding.[9]

■ This bankruptcy proceeding was filed on October 14, 2005, less than 4 years after the date of the December 2001 transfer. Consequently, the statute of limitations under NMUFTA had not expired on the date of the bankruptcy filing, and under Bankruptcy Code § 546, the trustee had two years from the date of filing or the close of the case, if earlier, to bring this fraudulent transfer action under New Mexico law. Because it was filed within 2 years of the October 14, 2005 petition date, this cause of action under the NMUFTA, is timely and will not be dismissed.

THEREFORE, IT IS HEREBY ORDERED that to the extent the Motion to Dismiss seeks to dismiss the cause of action to avoid the transfers pursuant to 11 U.S.C. § 548, it is granted; and

FURTHER ORDERED that to the extent the Motion to Dismiss seeks to dismiss the cause of action to avoid the transfers under NMUFTA, it is denied.

---

7. *Id.* (quoting *In re Martin,* 142 B.R. 260, 265 (Bankr.N.D.Ill.1992)).

8. Section 546 states,
   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
   (1) the later of—
   (A) 2 years after the entry of the order for relief; or
   (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.
11 U.S.C. § 546(a)

9. *Spatz,* 222 B.R. at 164 (quoting, *Martin*). See also *In re Dry Wall Supply, Inc.,* 111 B.R. 933, 935–36 (D.Colo.1990) (stating that when the state statute of limitations has not run prior to the time the petition is filed, and the complaint is timely filed pursuant to § 546(a), then it does not matter for limitation purposes if the state statute of limitations expires subsequent to the time the petition is filed but prior to the time the complaint is filed).