# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Levine v. EBI, LLC*, 2013 IL App (1st) 121049

---

| | |
|---|---|
| Appellate Court Caption | SUSAN LEVINE and MARC LEVINE, Plaintiffs-Appellants, v. EBI, LLC, f/k/a EBI, LP, d/b/a Biomet Spine, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1049 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | January 23, 2013<br><br>February 28, 2013<br>March 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when her surgeon was not supplied with the instruments necessary to repair her back, the record was sufficient to establish that defendant, the party responsible for providing the instruments, was estopped from asserting the statute of limitations as a defense because of the false responses it made to plaintiffs' discovery requests. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-2006; the Hon. Marcia Maras, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Lane & Lane, LLC, of Chicago (Stephen I. Lane, of counsel), for appellants.

Freeborn & Peters LLP, of Chicago (William N. Howard and Garry L. Wills, of counsel), for appellee.

Panel

PRESIDING JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Justices Sterba and Hyman concurred in the judgment and opinion.

## OPINION

¶ 1    Susan and Marc Levine sued Interpore Cross International in 2009 to recover for injuries Susan suffered because her surgeon did not have the instruments he needed to complete an operation Susan underwent in March 2007. The Levines named EBI and others as respondents in discovery, and the Levines asked all the respondents questions about the parties responsible for providing the instruments needed for Susan's operation. EBI responded that it did not know who bore responsibility for providing the instruments. In 2011, when the Levines learned that EBI should have supplied the instruments, they filed an amended complaint naming EBI as a defendant. The trial court dismissed the claim in the complaint against EBI as untimely and found no cause to delay appeal under Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)).

¶ 2    In this appeal, the Levines argue that the trial court should not have added the Rule 304(a) language, that EBI's fraudulent concealment made the claim timely, and that the court should have found EBI equitably estopped from raising the statute of limitations as a defense. We hold that the trial court did not abuse its discretion in adding Rule 304(a) language and that EBI's fraudulent concealment does not make the complaint timely. However, we hold that the Levines have stated adequate grounds for application of equitable estoppel. Therefore, we reverse the judgment and remand for further proceedings on the amended complaint.

¶ 3                              BACKGROUND

¶ 4    Dr. David Shapiro fused part of Susan's spine in 1996. He inserted medical screws into Susan's back as part of the 1996 operation. Susan's severe lower back pain returned in 2007, and Dr. Shapiro realized that he needed to replace the 1996 screws. Dr. Shapiro's secretary contacted the makers of the 1996 device and the new device and both brought packages of hardware to the operation on March 5, 2007. Dr. Shapiro needed instruments called drivers, which functioned like screwdrivers to fit the screws in Susan's back, to allow him to safely remove the 1996 device.

-2-

¶ 5        After Dr. Shapiro cut into Susan's back and stripped the muscle away from the 1996 device, Dr. Shapiro closed Susan's back without replacing the device. In his report of the operation, written shortly after the operation, Dr. Shapiro said:

> "The company had brought the instrumentation in, but unfortunately the proper driver was not available. The company representative admitted that many of the drivers were simply not in the set and he was hoping that this would work. Several different options were tried and finally it was decided to abandon the procedure."

¶ 6        As a prophylactic measure, the hospital administered antibiotics to Susan pending a second operation with all of the necessary instruments. Two days after the initial operation, Dr. Shapiro performed a second operation in which he successfully replaced the device in Susan's back. Susan later developed an infection of a kind that usually results from antibiotics.

¶ 7        Susan and her husband, Marc, sued Interpore Cross International in February 2009. They added 17 other parties, including Dr. Shapiro and EBI, as respondents in discovery. The Levines sent Dr. Shapiro's report and the same questions to all of the respondents in discovery. First, they asked the respondents to identify "The company" to which Dr. Shapiro referred. Second, they asked the respondents to identify the persons or corporations responsible for bringing "the missing instruments/tools/drivers" to the operation Dr. Shapiro performed on March 5, 2007.

¶ 8        EBI submitted a response in which it claimed it did not know who bore responsibility for bringing the missing instruments to the operation, and it did not know to which entity Dr. Shapiro referred in his report. Other respondents in discovery produced similarly unhelpful answers. The Levines converted Dr. Shapiro to a defendant in July 2009, but they identified EBI only as a respondent in discovery.

¶ 9        The Levines took Dr. Shapiro's deposition in April 2011. Dr. Shapiro said that in his many years as a surgeon, he had never before or since encountered a failure of a medical supplier to provide the instruments necessary for an operation. Dr. Shapiro testified that a representative of the company that should have brought the drivers attended the surgery. When time came to remove the 1996 device from Susan's back, Dr. Shapiro asked the representative, "[W]here's the driver for the screw?" According to Dr. Shapiro, the representative answered, "[O]h, well, it wasn't in the box, but we figured you could make do without it." Dr. Shapiro said that much later, after discussions with the Levines' lawyer, he realized that EBI was responsible for bringing the drivers to the operation, and the representative who attended the operation worked for EBI. Dr. Shapiro said that he and the Levines' lawyer discussed the identity of the company at fault back in 2009, before the Levines named Dr. Shapiro as a defendant.

¶ 10       In April 2011, a few days after Dr. Shapiro's deposition, the Levines filed an amended complaint that named EBI as a defendant. The Levines alleged that EBI negligently shipped to the hospital an instrument kit that did not include the drivers needed to complete the surgery on Susan's back.

¶ 11       EBI invoked section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)) as the basis for its motion to strike the amended complaint as untimely. In

response, the Levines relied on section 13-215 of the Code (735 ILCS 5/13-215 (West 2010)), which allows a plaintiff more time to file a claim if a defendant fraudulently conceals the cause of action.

¶ 12　　The trial court dismissed the claim against EBI as untimely, and the court added a finding of no just cause to delay enforcement or appeal. The Levines now appeal.

¶ 13　　　　　　　　　　　　　　　ANALYSIS

¶ 14　　　　　　　　　　　　　　Record on Appeal

¶ 15　　As a preliminary matter, EBI asks us to strike certain documents from the certified record on appeal. Supreme Court Rule 329 establishes procedures for correcting an inaccurate or improperly authenticated record. Ill. S. Ct. R. 329 (eff. Jan. 1, 2006); see *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 364 (1983). EBI has presented no record showing that it made the necessary motion in the trial court for correcting the record. See Ill. S. Ct. R. 329 (eff. Jan. 1, 2006). Because EBI has not followed the procedures prescribed in the rules for correcting the record, we deny its motion. See *Wieser*, 98 Ill. 2d at 364.

¶ 16　　　　　　　　　　　　　　Rule 304(a) Finding

¶ 17　　The Levines argue first that the trial court should not have added language to the order making the dismissal of EBI immediately appealable under Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). When a judgment finally disposes of one or more separate claims, or all of the claims against one or more parties, the trial court has discretion to make a Rule 304(a) finding. *Bastas v. Vicere*, 196 Ill. App. 3d 624, 628 (1990). The trial court should consider whether allowing an immediate appeal "would have the effect of expediting the resolution of the controversy, would be fair to the parties, and would conserve judicial resources." *Matson v. Department of Human Rights*, 322 Ill. App. 3d 932, 938 (2001). Because of the importance of EBI's role in this case, and the difficulty of proceeding on the claims against other defendants without considering the effect of EBI's actions, we find that the trial court did not abuse its discretion when it found no grounds for delaying this appeal.

¶ 18　　　　　　　　　　　　　　Fraudulent Concealment

¶ 19　　We review *de novo* an order dismissing a lawsuit under section 2-619 of the Code. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). We must construe the pleadings and supporting documents in the light most favorable to the Levines. *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008). An appeal from a dismissal under section 2-619 "is the same in nature as one following a grant of summary judgment" (*Kedzie*, 156 Ill. 2d at 116), which "is a drastic means of disposing of litigation and *** should be allowed only when the right of the moving party is clear and free from doubt." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004).

¶ 20　　Section 13-215 of the Code provides:

"If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time

within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13-215 (West 2010).

¶ 21　Illinois courts have consistently interpreted section 13-215 to apply only to fraudulent concealment of causes of action. *Pratt v. Sears Roebuck & Co.*, 71 Ill. App. 3d 825, 830 (1979); *Guebard v. Jabaay*, 65 Ill. App. 3d 255, 260 (1978). The *Pratt* court held that the fraudulent concealment statute "applies to fraudulent concealment of causes of action; it does not apply to fraudulent concealment of the identity of tort-feasors." *Pratt*, 71 Ill. App. 3d at 830. When the tortfeasor fraudulently conceals the identity of the tortfeasors, and the tortfeasor does not conceal the fact that the plaintiff suffered an injury, section 13-215 does not allow the plaintiff an extension of the limitations period for filing his claim. *Pratt*, 71 Ill. App. 3d at 830; *Guebard*, 65 Ill. App. 3d at 260.

¶ 22　Here, the Levines knew on March 5, 2007, that a tortfeasor had injured them by failing to bring necessary instruments to the operation on Susan's back. The Levines had two years to sue the tortfeasors for negligence. 735 ILCS 5/13-202 (West 2006). Section 13-215 does not extend their limitations period beyond March 2009. The trial court correctly rejected the Levines' argument that EBI's dishonest answers to discovery operated as fraudulent concealment of the cause of action that could make the complaint against EBI timely.

¶ 23　　　　　　　　　　　　　　　Equitable Estoppel

¶ 24　Next, the Levines argue that we should find EBI equitably estopped from asserting the statute of limitations as a defense to their claim. The Levines rely on EBI's answers to discovery as the basis for the estoppel. EBI counters that the Levines waived the equitable estoppel issue by failing to raise it in the trial court. However, we note that "the waiver rule is a limitation on the parties and not the jurisdiction of this court, which has the responsibility of achieving a just result and maintaining a sound and uniform body of precedent." *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 518 (2000). This court should not "aid a perpetration of a fraud" (*Mother Earth, Ltd. v. Strawberry Camel, Ltd.*, 72 Ill. App. 3d 37, 53 (1979)), and "equity will not aid any person who *** is seeking to take advantage of his own wrong" (*Mother Earth*, 72 Ill. App. 3d at 53). We choose to address the argument despite the waiver.

¶ 25　In *Vaughn v. Speaker*, 126 Ill. 2d 150 (1988), our supreme court said that for equitable estoppel to apply:

"First, there must be words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts. Second, the party against whom the estoppel is alleged must have had knowledge at the time the representations were made that the representations were untrue. This knowledge need not be actual but may be implied; misrepresentations made with gross negligence can form a basis for equitable estoppel. [Citation.] Third, the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time that the representations were made and at the time that they were acted on by him. Fourth, the party estopped must intend or reasonably expect that his conduct or representations will be acted upon by the party asserting the estoppel or the public

generally; the conduct and representations must be such as would ordinarily lead to the results complained of. [Citations.] Fifth, the party claiming the benefit of the estoppel must have in good faith relied upon the misrepresentation to his detriment. It has been said that this reliance must be reasonable, and that a party claiming estoppel cannot have acted improvidently. [Citation.] While this is true as a general rule, it is also true that if the party alleged to be estopped is guilty of actual intentional deceit and he reasonably expected his deceptive statements or conduct to be relied upon, he is in no position to contend that the party acting upon his deception was negligent in doing so. This is consistent with the principle that one guilty of fraudulent misrepresentation cannot assert that the person defrauded was negligent in failing to discover the truth. [Citations.] The sixth requirement is that the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof." *Vaughn*, 126 Ill. 2d at 162-63.

¶ 26    Because this issue arises on a dismissal under section 2-619 of the Code, we must construe the record in the light most favorable to the Levines. *Czarobski*, 227 Ill. 2d at 369. According to Dr. Shapiro, a representative of EBI attended the operation on March 5, 2007. When Dr. Shapiro asked for the driver so that he could remove the device he inserted into Susan's back in 1996, the EBI representative said that his employer had not included the driver with the set of equipment it sent. From this evidence, a trier of fact could infer that EBI's agent, and therefore EBI, knew that it failed to provide the requisite drivers for the March 5, 2007, operation, and that Dr. Shapiro meant to refer to EBI when he wrote in his report of the failings of "[t]he company." See *Van Hulle v. State Farm Mutual Automobile Insurance Co.*, 44 Ill. 2d 227, 231 (1969); *Kuska v. Folkes*, 73 Ill. App. 3d 540, 544 (1979). Thus, the Levines have presented evidence that could support a finding that EBI falsely stated in its responses to discovery that it did not know who bore responsibility for supplying the drivers missing at the surgery on March 5, 2007. The evidence could also support a finding that EBI lied when it said that it did not know "[t]he company" to which Dr. Shapiro referred in his report of the surgery.

¶ 27    EBI should have expected that its responses to discovery would lead the Levines to refrain from suing EBI until they discovered that EBI lied in its discovery responses. The record before this court does not show that the Levines acted in bad faith when they refrained from suing EBI until long after the expiration of the limitations period. The Levines would suffer the prejudice of losing their claim against the party that appears the most negligent if this court permits EBI to assert the statute of limitations as a defense to the Levines' claim.

¶ 28    EBI claims that the Levines knew at the time they received EBI's answers that EBI lied, because the Levines' attorney helped Dr. Shapiro realize that EBI supplied the deficient instrument package. But Dr. Shapiro did not say that the Levines' attorney knew EBI bore responsibility for the injury, only that the conversations with that attorney led Dr. Shapiro to ascribe responsibility to EBI. Moreover, the Levines have adduced evidence that could support a finding that EBI actually intentionally deceived the Levines, so under the principles set out in *Vaughn*, EBI "is in no position to contend that the party acting upon his deception was negligent in doing so" (*Vaughn*, 126 Ill. 2d at 163), because "one guilty of fraudulent misrepresentation cannot assert that the person defrauded was negligent in failing to discover

the truth." *Vaughn*, 126 Ill. 2d at 163.

¶ 29    Following the reasoning of *Vaughn*, we find that the Levines have presented adequate grounds for equitably estopping EBI from asserting the statute of limitations as a defense to the Levines' claim. Because the Levines did not raise the issue in the trial court, we remand the case to permit EBI to present evidence to counter the Levines' evidence concerning equitable estoppel.

¶ 30                                   CONCLUSION

¶ 31    The trial court did not abuse its discretion when it found no just cause to delay appeal of the dismissal of EBI as a party from the lawsuit. Because EBI apparently tried to deceive the Levines about only the identity of the tortfeasor, and not about whether the Levines had suffered an injury due to a tort on March 5, 2007, section 13-215 of the Code does not extend the limitations period for the Levines' claim against EBI. However, the record presents an adequate basis for finding that EBI's false responses to the Levines' discovery equitably estops it from asserting the statute of limitations as a defense to the Levines' claim against it. Accordingly, we reverse the judgment of the trial court and remand for further proceedings in accord with this opinion.

¶ 32    Reversed and remanded.